ORIGINAL

FILED
AUG - 1 2005
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**D. GORDON POTTER,**

**Plaintiff,**

**THE UNITED STATES OF AMERICA**

**Defendant.**

05- 837T
**Case No.**

## COMPLAINT

COMES NOW, D. Gordon Potter, Plaintiff, pursuant to Court of Federal Claims Rule 3, alleges to the Honorable Judges of the United States Court of Federal Claims as follows:

1. Plaintiff is an individual with a residence at 100 Volz Court, Alamo, California 94507. Plaintiff's Social Security Number is 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.

2. Defendant is the United States of America.

3. This is an action *in part* for the recovery of (i) monies illegally exacted from Plaintiff in violation of the Due Process Clause of the United States Constitution; and (ii) monies illegally seized from Plaintiff in violation of the Takings Clause of the United States Constitution. The Court has jurisdiction for these actions pursuant to the Tucker Act, 28 U.S.C. § 1491(a).

4. In addition, this is an action *in part* for refund of Federal income taxes, founded upon the Internal Revenue Code, erroneously assessed and collected by Defendant. This Court has jurisdiction for refund actions pursuant to 28 U.S.C. §§ 6511 and 7422.

5. The recovery of monies and refund of taxes relates to the Federal income tax return of Plaintiff, Form 1040, for the tax year ended December 31, 1998. Such tax return was timely filed by Plaintiff with the Internal Revenue Service.

6. Under threat of lien, levy, and other collection actions by Defendant, Plaintiff paid the full amount of tax erroneously alleged by Defendant for the tax year ended December 31, 1998.

7. The doctrines of collateral estoppel and *res judicata* will also cause the decision of the Court in the case at hand to satisfy identical issues arising with respect to the Federal income tax returns of Plaintiff, Forms 1040, for the tax years ended December 31, 1999 and December 31, 2000. Such tax returns were timely filed by Plaintiff with the Internal Revenue Service.

8. On November 14, 2003, Defendant issued a statutory notice of deficiency determining a deficiency in income tax and penalty for the taxable year ended December 31, 1998 in the amounts set forth below.

| Taxable Year Ended | Deficiency | Penalty §6662(a) |
|---|---|---|
| December 31, 1998 | $496,227.00 | $ 99,245.40 |

9. On July 13, 2005, Defendant issued an audit reconsideration letter changing the determination of a deficiency in income tax and penalty for the taxable year ended December 31, 1998 in the amounts set forth below.

| Taxable Year Ended | Deficiency | Penalty §6662(a) |
|---|---|---|
| December 31, 1998 | $353,413.00 | $ 70,825.40 |

10. Within the six years preceding the filing of this Complaint, Plaintiff paid $354,500 to Defendant to be allocated to the deficiency for tax year ended December 31, 1998 erroneously calculated by Defendant.

11. Within the two years preceding the filing of the refund claim that precedes this Complaint, Plaintiff paid $354,500 to Defendant to be allocated to the deficiency for tax year ended December 31, 1998 erroneously calculated by Defendant.

12. On October 14, 2004, Defendant issued a statutory notice of deficiency determining a deficiency in income tax and penalty for the taxable years ended December 31, 1999 and December 31, 2000 in the amounts set forth below.

| Taxable Year Ended | Deficiency | Penalty §6662(a) |
| --- | --- | --- |
| December 31, 1999 | $363,971.00 | $ 72,794.20 |
| December 31, 2000 | $721,473.00 | $144,294.64 |

13. Plaintiff is an individual with expertise in the mechanical engineering industry particularly with respect to the assembly, repair, servicing and reinstallation of pumps, gearboxes and other rotating equipment commonly used in the oil refining and chemical industries.

14. During the tax year ended December 31, 1998, Plaintiff entered into an employment contract and relationship with Pixley Services Limited, a company based in Dublin, Ireland. The rights obtained by Pixley Services Limited from the employment relationship with Plaintiff were transferable in part.

15. Pixley Services Limited transferred certain rights to the employment services of Plaintiff to Release Me, Inc., a company engaged in the business of employee leasing and employee temporary services.

16. Plaintiff became an employee of Release Me, Inc. during the tax year ended December 31, 1998.

17. Release Me, Inc. contracted with Unico Services Inc. f/k/a Unico Replacement Parts, Inc., to provide skilled labor.

18. Pursuant to this contractual relationship with Pixley Services Limited, Release Me, Inc. paid to Pixley Services Limited a contractual price for the purchase of certain rights to the employment services of Plaintiff.

19. As part of the contract between Unico Services Inc. and Release Me, Inc., Release Me, Inc. provided the services of Plaintiff.

20. While providing services to Unico Services Inc., Plaintiff worked on multiple business projects.

21. Unico Services Inc. made periodic payments to Release Me, Inc., pursuant to the skilled labor contract discussed above at #17.

22. Release Me, Inc., in turn, paid substantial wages to Plaintiff pursuant to Plaintiff's contractual rights set forth in the employment contract with Pixley Services Limited, which had been assigned to Release Me, Inc.

23. Plaintiff included these wages in income and paid tax, accordingly.

24. Pursuant to the contractual employment agreement of Pixley Services Limited and Plaintiff, Pixley Services Limited established and funded a non-vested, retirement plan for the future benefit of Plaintiff.

25. The non-vested, retirement plan was equivalent to a revocable trust that was subject to the creditors of Pixley Services Limited. The non-vested, retirement plan is a non-transferable plan, and Plaintiff has no immediate right to receive the benefits of the non-vested, retirement plan.

26. The contribution made by Pixley Services Limited for the future benefit of Plaintiff constitutes deferred compensation, which is not includable in income of Plaintiff until a future date when the retirement plan vests and disbursement are available to Plaintiff pursuant to the plain language of I.R.C. §§ 83, 451.

27. In the statutory notice of deficiency discussed above at #8, Defendant determined that Plaintiff received additional compensation from Unico Services Inc. by determining that Plaintiff's employment relationship with his employer violates the "economic substance doctrine," as described by this Court in Coltec Industries, Inc. v. United States, 62 Fed. Cl. 716 (2004) (No. 01-072T).

28. Plaintiff's employment relationship with Release Me, Inc. and the contracting of employment rights satisfies all statutory requirements under the Internal Revenue Code, as established by Congress. At no time has Defendant determined that the employment relationships violated any state or Federal statute.

29. In 1978, Congress, in passing I.R.C. § 132, prohibited Defendant from promulgating regulations concerning the employment relationships at issue in this case.

30. In 2004, Congress passed legislation concerning the taxability of nonqualified deferred compensation plans of the type at issue in this case. Although aware of the types of transactions at issue, Congress expressly and specifically made the new legislation prospective

only, such that it does not effect the transactions at issue in this case. Because no statutory authority exists for the taxable year ending December 31, 1998 to assess a deficiency and exact monies from Plaintiff, Defendant relies exclusively in its Statutory Notice of Deficiency, discussed above at #4, on the "economic substance" theory that was rejected by this Court in Coltec Industries, Inc. v. United States, 62 Fed. Cl. 716 (2004) (No. 01-072T).

31. Defendant's assessment and concomitant collection of monies from Plaintiff under the guise of the "economic substance doctrine" violates the time-tested separation of powers and the ex-post facto prohibitions of the Constitution. This conclusion is adopted by this Court in Coltec Industries, Inc. v. United States, 62 Fed. Cl. 716 (2004) (No. 01-072T).

COUNT I

32. Paragraphs 1 through 31 are incorporated herein by this reference.

33. Defendant's forced collection of taxes that were assessed in violation of the separation of powers and the ex-post facto prohibitions of the Constitution constitutes an illegal exaction of monies in violation of the Fifth Amendment of the United States Constitution (the Due Process Clause) which provides that "No person shall. . .be deprived of life, liberty or property, without due process of law. . . ."

WHEREFORE, Plaintiff prays for judgment against the United States on the facts and the law in the sum of $354,500, representing damages for money illegally exacted, plus statutory interest thereon as provided by law, other applicable interest and such other and further relief, including reimbursement of attorneys fees and other costs, as may be just and proper. In the alternative,

COUNT TWO

34. Paragraphs 1 through 31 are incorporated herein by this reference.

35. Defendant's forced collection of taxes that were assessed in violation of the separation of powers and the ex-post facto prohibitions of the Constitution constitutes an illegal taking of private property for public use in violation of the Takings Clause of the Fifth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for judgment against the United States on the facts and the law in the sum of $354,500, representing damages for money illegally taken, plus statutory interest thereon as provided by law, other applicable interest and such other and further relief, including reimbursement of attorneys fees and other costs, as may be just and proper. In the alternative,

## COUNT III

36. Paragraphs 1 through 31 are incorporated herein pursuant to this reference.

37. The form of the arrangement between Unico Services Inc., Pixley Services Limited, and Release Me, Inc. reflects the substance of that arrangement. Plaintiff is not an employee of Unico Services Inc. during the tax year ended December 31, 1998.

38. The arrangement is not a series of predetermined interrelated steps in a single transaction focused on a goal of establishing and funding a non-qualified deferred compensation plan, arrangement, or agreement for the benefit of Plaintiff.

39. The arrangement does not lack economic substance.

40. The amounts paid by Unico Services Inc. to Release Me, Inc., above the amounts paid by Release Me, Inc. to Plaintiff and reported as wages, was neither constructively received by Plaintiff nor taxable to Plaintiff under I.R.C. §§ 83(a) and/or 402(b) as property transferred in connection with the performance of services by Plaintiff.

41. Neither Defendant's calculation of deposits characterized by Defendant as "unexplained deposits" nor Defendant's calculation of corporate funds or benefits received by Plaintiff are taxable to Plaintiff as constructive dividends.

42. The arrangement satisfies the plain language of the statutory requirements set forth in I.R.C. §§ 83, 451. Pursuant to Coltec Industries, Inc. v. United States, 62 Fed. Cl. 716 (2004) (No. 01-072T), the economic substance doctrine does not apply, and the transaction set forth above must be respected, may not be disregarded, and may not be re-written.

WHEREFORE, Plaintiff prays for judgment against the United States on the facts and the law in the sum of $354,500, representing a refund for Federal income tax erroneously paid, plus statutory interest thereon as provided by law, other applicable interest and such other and further relief, including reimbursement of attorneys fees and other costs, as may be just and proper. In the alternative,

COUNT IV

43. Paragraphs 1 through 31 are incorporated herein by this reference.

44. If this Court ultimately concludes that Plaintiff is not entitled to a recovery of monies illegally exacted in violation of the Constitution as set forth in Counts I and II and/or if this Court ultimately concludes that Plaintiff is not entitled to a refund of the tax in the case at hand, penalties do not apply.

45. As set forth above, the plain language of the statutes and published case law supports the return reporting position of Plaintiff. The issues in this case represent a previously untested, complicated area of the tax law that is subject to multiple reasonable interpretations.

46. Plaintiff relied upon the advice of competent accountants and attorneys, and, therefore, satisfies the reasonable cause exception to the application of penalties.

WHEREFORE, Plaintiff prays for judgment against the United States on the facts and the law and finds that the negligence penalty imposed by Defendant is erroneous.

RESPECTFULLY SUBMITTED,

Date: 7-27-05

By Robert J. Stientjes
Counsel for Plaintiff

**Gasaway & Stientjes LLP**

Robert J. Stientjes
41 S. Old Orchard Ave., Ste. B
Saint Louis, Missouri 63119
(314) 961-3812 telephone
(314) 918-7120 facsimile

Of Counsel:

Anthony S. Gasaway
Gasaway & Stientjes LLP
41 S. Old Orchard Ave., Ste. B
Saint Louis, Missouri 63119
(314) 961-3812